IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH SERNA, SANTANA BUSTAMANTE,
GABRIEL M. BLEA, RONNIE CARILLO, JR.,
ALIFONSO DELEON, GERMAN JACQUEZ-TORRES,
GUY J. JORDAN, DAVID WAYNE JOURDAN,
ADELINE MARTINEZ, ANTHONY MARTINEZ,
CHRISTOPHER M. MARTINEZ, ROMAN MARTINEZ,
KENNETH MERCURE, LEA PACHECO,
ELIZABETH RAMIREZ, ROSE RASCON
and CHRIS VALDEZ, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.                                         No. 17-CV-196

                                               **JURY TRIAL DEMANDED**

BOARD OF COUNTY COMMISSIONERS
OF RIO ARRIBA COUNTY,

        Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
COLLECTIVE ACTION COMPLAINT
(29 U.S.C. § 216(b))**

      COME NOW Plaintiffs Joseph Serna, Santana Bustamante, Gabriel M. Blea, Ronnie Carillo, Jr., Alifonso Deleon, German Jacquez-Torres, Guy J. Jordan, David Wayne Jourdan, Adeline Martinez, Anthony Martinez, Christopher M. Martinez, Roman Martinez, Kenneth Mercure, Lea Pacheco, Elizabeth Ramirez, Rose Rascon and Chris Valdez, on their own behalf and on behalf of all others similarly situated, by and through their counsel, **YOUTZ & VALDEZ, P.C.** (Shane Youtz, Stephen Curtice, James A. Montalbano), and for their complaint against Defendant allege as follows:

      1.     Plaintiffs, current and former employees of Defendant, are suing on behalf of a proposed class of all current and former Correctional Officers who are or were employed by

Defendant. Plaintiffs bring suit to recover back pay, compensatory, exemplary and punitive damages as a result of Defendant's failure to pay employees for all hours worked and for Defendant's failure to pay overtime wages as required by law.

2. Plaintiffs bring this action under state wage and hour laws and the federal Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 201 et seq.).

3. Plaintiffs and other employees are non-exempt employees paid by the hour and are entitled to receive one and one-half times their hourly rate for work beyond forty hours per week under state and federal law. Plaintiffs and other employees are or were employed by Defendant and did perform work for Defendant in the last three years.

## Jurisdiction and Venue

4. Defendant Board of County Commissioners of Rio Arriba County is a municipal corporation located in the State of New Mexico.

5. At all times relevant hereto, Plaintiffs were residents of the State of New Mexico.

6. Venue is appropriate in this Court.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

## General Allegations

8. Plaintiffs work (or worked) for Defendant as Correctional Officers at the Rio Arriba County Detention Center. Their duties include, *inter alia*, maintaining custody and control of inmates at the Detention Center, patrolling designated areas of the detention facility, controlling traffic to and from assigned areas, maintaining security and inspecting the facility to ensure the safety and security of inmates, taking periodic resident counts in the detention levels and arranging for and guarding work details.

9. Plaintiffs and other employees are generally not permitted to leave their post maintaining control over inmates until they are relieved from their shift by another employee.

10. Plaintiffs and other employees are scheduled and paid only for the stated length of their shift. However, Plaintiffs and other employees are consistently required to work longer than the time allotted for their scheduled shift. Plaintiffs and other employees are not compensated for this extra work time.

11. Defendant is aware of this extra time worked, requires that such work routinely be performed and fails to compensate its employees for that time.

12. As such, Defendant intentionally and repeatedly failed to pay Plaintiffs and other employees for all of the time they worked and also failed to pay Plaintiffs and other employees time and one half for hours worked in excess of forty in a workweek.

**Collective Allegations**

13. Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees employed by Defendant.

14. Plaintiffs all hereby consent to trying this matter as a collective action under that section.

15. The proposed class consists of approximately 80 current and former employees who are similarly affected by the facts detailed above. In addition, the questions to be determined are ones of common and general interest to the many persons constituting the class to which Plaintiffs belong.

16. Common issues of law and fact exist and will predominate over purely individual questions in this litigation.

17. Defendant's practices are uniform with regard to employees. The employment practices are uniform and issues of fact and law can be resolved in collective fashion.

**Count I – Violation of State Wage and Hour Laws**

18. Plaintiffs incorporate herein the previous allegations of this complaint.

19. Plaintiffs and other employees were not paid all wages due to them on their regular paydays, in violation of New Mexico Statute 50-4-1 through 50-4-30.

20. As a direct and proximate result of Defendant's failure to pay wages, Plaintiffs have suffered damages in the forms of lost wages and lost use of such wages.

**Count II – Violation of the FLSA (29 U.S.C. § 201 et seq.)**

21. Plaintiffs incorporate herein the previous allegations of this complaint.

22. In any workweek in which Plaintiffs worked at least 40 hours, Defendant's failure to pay Plaintiffs at one and one half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 215, 216. As a result of such violations, Plaintiffs, and those similarly situated, are entitled to the damages, fees and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

23. Defendant's failure to pay wages due was willful.

24. As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

25. All hourly Correctional Officers of Defendant are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 216(b).

**JURY DEMAND**

26. This case should be heard before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a. The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

b. This case be tried before a jury;

c. They be awarded compensatory damages;

d. They be awarded liquidated damages as permitted by law;

e. The court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law; and

f. The court award Plaintiffs and the class members such other and further relief, including costs and attorneys' fees allowed under applicable law, as may be necessary and appropriate.

Dated: February 9, 2017	Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

_/s/ Shane Youtz_
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200 – Telephone
(505) 244-9700 – Fax

*Attorneys for Plaintiffs*