**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JOSEPH SERNA, SANTANA BUSTAMANTE,**
**GABRIEL M. BLEA, RONNIE CARILLO, JR.,**
**ALIFONSO DELEON, GERMAN JACQUEZ-TORRES,**
**GUY J. JORDAN, DAVID WAYNE JOURDAN,**
**ADELINE MARTINEZ, ANTHONY MARTINEZ,**
**CHRISTOPHER M. MARTINEZ, ROMAN MARTINEZ,**
**KENNETH MERCURE, LEA PACHECO,**
**ELIZABETH RAMIREZ, ROSE RASCON**
**and CHRIS VALDEZ, on behalf of themselves and**
**all others similarly situated,**

   Plaintiffs,

v.               No.  17-CV-196 RB-KBM

**BOARD OF COUNTY COMMISSIONERS**
**OF RIO ARRIBA COUNTY,**

   **Defendant.**

**<u>JOINT MOTION TO DISMISS CASE WITH PREJUDICE AS TO PLAINTIFFS</u>**
**<u>GABRIEL BLEA, ALIFONSO DELEON, GERMAN JACQUEZ-TORRES, GUY</u>**
**<u>JORDAN, ADELINE MARTINEZ, ANTHONY MARTINEZ, CHRISTOPHER</u>**
**<u>MARTINEZ, ROMAN MARTINEZ, KENNETH MERCURE, LEA PACHECO, ROSE</u>**
**<u>RASCON AND ABRAHAM BACA</u>**

Introduction

In February 2017, Plaintiffs filed a lawsuit in the United States District Court for the District of New Mexico against Board of County Commissioners of Rio Arriba County ("County" or "Defendant"), for alleged violations of the New Mexico Minimum Wage Act ("MWA"), NMSA 1978, §§ 50-419 to -30 (1955, as amended), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et. seq.

As of the date of filing of this Motion, twelve (12) of the Plaintiffs, those specifically referenced in the title above, have accepted a settlement offer from Defendant. Said Plaintiffs have executed a Settlement Agreement and General Complete Release ("Settlement Agreement"). The

Settlement Agreement is contemplated to provide, *inter alia*, (1) a complete release of all claims the above-mentioned twelve (12) Plaintiffs may have against Defendant, including claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219 (1938, as amended) and (2) dismissal of the lawsuit with prejudice.

As addressed in detail, below, there exists conflicting authority on the question of whether such a private settlement agreement waiving an FLSA claim is enforceable without the approval of either a court or the Department of Labor. The Tenth Circuit has not ruled definitively on the question. The parties therefore jointly seek this Court's ruling that the waiver of the FLSA claim in the parties' Settlement Agreement is enforceable and dismissing this matter with prejudice as to the twelve (12) aforementioned Plaintiffs.

## **ARGUMENT AND AUTHORITIES**

"The FLSA was enacted in 1938 to protect all covered workers from substandard wages and oppressive working hours[.]" *Martinez v. Bohls Equipment Co.*, 361 F. Supp. 2d 608, 618 (W.D. Tex. 2005) (internal quotation marks and citation omitted). In relevant part, "[t]he FLSA was designed to give specific minimum protections to *individual* workers and to ensure that *each* employee covered by the Act . . . would be protected from the evil of overwork as well as underpay." *Id.* at 618-19 (internal quotations marks and citation omitted). The FLSA grants employees a private right of action to sue their employers directly. *Id.* at 619.

There is conflicting authority throughout the country as to whether private settlements of FLSA claims between employers and employees are valid and enforceable without court approval. *See id.* at 627-28. The Tenth Circuit appears not to have weighed in on the issue.

The lead case about the need for a court to approve a settlement of FLSA claims between private parties is *Lynn's Food Stores, Inc. v. United States*, 679 F.2d. 1350 (11th Cir. 1982). In it, the Eleventh Circuit ruled that "[t]here are only two ways in which back wage claims arising under

the FLSA can be settled or compromised by employees:" (1) payment supervised by the Secretary of Labor and (2) judicial approval of a stipulated settlement after an employee has brought a private action. *Id.* at 1352-53.

More recently, though, the Federal District Court for the Western District of Texas examined the reasoning underlying *Lynn's Food Stores*, and came to a different conclusion. After exhaustive and thoughtful analysis of the legislative history of the FLSA and decades of Supreme Court precedent that never directly addressed the issue[1], the Court in *Martinez v. Bohls Equipment Company*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005), held:

> parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances.

The Fifth Circuit adopted the reasoning of *Martinez* in *Martin v. Springbreak '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012):

> Approving [the] rationale [of *Martinez*], we hold that the payment offered to and accepted by Appellants, pursuant to the Settlement Agreement, is an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves.

The parties here agree that the reasoning adopted by the Fifth Circuit in *Martinez* and *Martin* is compelling and should be applied to the facts of this case as they apply to the twelve (12) Plaintiffs. As in those cases, the twelve (12) Plaintiffs are represented by competent counsel and the dispute about the wages they are owed has been tested through the crucible of the initial stages of formal litigation. Moreover, the settlement at issue here resulted directly from compromises the parties made about bona fide disputes as to the amount of compensable time worked.

---

[1] *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 714 (1945) ("Our decision . . . has not necessitated a determination of what limitation, if any, Section 16(b) [of the FLSA] places on the validity of agreements between and employer and employee to settle claims arising under the Act if the settlement is made as the result of a bona fide dispute between two parties, in consideration of a bona fide compromise and settlement.").

The parties also have a bona fide dispute about the number of extra time per shift Plaintiffs worked because, while Plaintiffs uniformly estimate they worked at least 30-60 extra minutes per shift, various records indicate that such time may be considerably less than estimated, that portions of that time may have been spent engaging in non-work activities, or not compensable as *de minimis*. Given these disputes, the parties are in agreement that the settlement consideration they have agreed upon constitutes a fair and reasonable compromise of a dispute over hours worked and compensation owed for purposes of Plaintiff's claim for unpaid overtime.

## **CONCLUSION**

For these reasons, the parties respectfully request that the Court hold that the Settlement Agreement and General Complete Release is enforceable without Court or Department of Labor approval and dismiss the case with prejudice.

Respectfully submitted,

*/s/ Adán E. Trujillo*
Adán E. Trujillo
Rio Arriba County Attorney
1122 Industrial Park Road
Española, NM 87532
Telephone: (505) 753-2992
Fax: (505) 753-9397
Email: atrujillo@rio-arriba.org
*Attorney for Defendant*

Stipulated to:

**YOUTZ & VALDEZ, P.C.**

*Approved via email*
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM 87102

4

(505) 244-1200 – Telephone
(505) 244-9700 – Fax
*Attorneys for Plaintiffs*
